Judge Robert S. Lasnik

CR 02-00046 #00000014

FILED
LODGED          ENTERED
                RECEIVED

MAY 23 2002

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO  CR02-0046L |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| SCOTT J CLANCY, | |
| Defendant. | |

Comes now the United States of America, by John McKay, United States Attorney, and Janet Freeman, Assistant United States Attorney for the Western District of Washington, and the defendant, SCOTT J. CLANCY, and his attorney, Carol Koller, and enter into the following Agreement pursuant to Rule 11(e) of the Federal Rules.

1    The Charges.  The defendant, having been advised of his right to have this matter tried before a jury, agrees to waive that right and to enter pleas of guilty to Counts 1, 3, 9, and 11 of an Indictment charging him with the Fraudulent Use of a Person's Identification, in violation of Title 18, United States Code, § 1028(a)(7);  to Count 13 charging him with Access Device Fraud, in violation of Title 18, United States Code, §1029(a)(2), and; to Count 17 charging him with Bank Fraud, in violation of Title 18, United States Code, §1344.  By entering these pleas, the defendant waives any and all objections to the filed charges predicated on the form of the Indictment

PLEA AGREEMENT/SCOTT J  CLANCY — 1
(Clancy Plea Agreement)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  2      The Penalties. SCOTT J. CLANCY understands and acknowledges that the statutory penalties for each of these offenses are as follows:

– Fraudulent Use of a Person's Identification (Counts 1, 3, 9, and 11): a term of imprisonment of fifteen (15) years, a fine of $250,000, a term of supervised release to follow imprisonment for three (3) years, and a mandatory penalty assessment of $100;

– Access Device Fraud (Count 13): a term of imprisonment of ten (10) years, a fine of $250,000, a term of supervised release to follow imprisonment for three (3) years, and a mandatory penalty assessment of $100; and

– Bank Fraud (Count 17): a term of imprisonment of not more than thirty (30) years, a fine of up to $1,000,000, a term of supervised release to follow imprisonment for a period of at least three (3) years, but not more than five (5) years, and a mandatory penalty assessment of $100.

The defendant agrees to pay the total penalty assessment of $600.00 at or before the time of sentencing

3      Rights Waived by Pleading Guilty. The defendant acknowledges and understands that, by pleading guilty, he knowingly and voluntarily waives these rights:

a.   The right to plead not guilty, and to persist in a plea of not guilty;

b.   The right to be presumed innocent until guilt has been established at a trial beyond a reasonable doubt;

c.   The right to a trial before a jury of twelve persons and, at that trial, the right to the effective assistance of counsel;

d.   The right to confront and cross-examine all of the witnesses against the defendant;

e.   The right to subpoena witnesses to appear on the defendant's behalf;

f.   The right to testify or to remain silent at a trial at which such silence could not be used against the defendant; and

g.   The right to appeal a finding of guilty or any pretrial rulings.

PLEA AGREEMENT/SCOTT J CLANCY — 2
(Clancy Plea Agreement)
CR02-0046L

4. <u>Applicability of Sentencing Guidelines</u>. The defendant understands that.

    a.    The United States Sentencing Guidelines are applicable to this case;

    b.    The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c    The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

    d    *The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range as offered by the parties or the United States Probation Office;* and,

    e.    The defendant may <u>not</u> withdraw his guilty plea solely because of the sentence imposed by the Court.

5. <u>Ultimate Sentence</u>. SCOTT J. CLANCY acknowledges that no one has promised or guaranteed to him what sentence the Court will impose

6. <u>Restitution</u>  SCOTT J. CLANCY agrees to pay restitution to the victims of the offenses, as required by law, and to the victims of his related conduct as agreed to by the parties in this Plea Agreement. The parties stipulate and agree that the amount which the Court should use in ordering restitution is **$218,886.68**. Restitution shall be due and payable immediately. The defendant also agrees that restitution should specifically include the following amounts:

| | |
|---|---:|
| Losses related to Counts 1 through 13 | $175,575 41 |
| Losses related to Counts 14 through 17 | 20,748.96 |
| Metropolitan Federal Savings (Bad checks) | 8,878.82 |
| Ruth Geren Visa | 567.44 |
| Magnolia Garden Center | 109.26 |
| Bargreen-Ellingson | 180.04 |
| Ballard Bookcase Co (SPD #00-425490) | 453.94 |
| Garden of Distinction (SPD #00-378234) | 449.34 |
| Max Anderson – bad check | 157 02 |
| James and Helen Turner (SPD #00-003701): | |
|     Check-Masters | 1,775.00 |
|     U.S. Bank | 270.17 |
| William Norwind Visa (US Capitol Police) | 3,371.95 |
| Patrick Prisco AMEX (US Capitol Police) | 6,349.33 |
| **TOTAL** | **$218,886.68** |

PLEA AGREEMENT/SCOTT J CLANCY — 3
(Clancy Plea Agreement)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

7   **Loss Amounts and Relevant Conduct.** The United States and the defendant stipulate and agree that the amount of loss, which the Court should use as "relevant conduct" for the purpose of computing the applicable sentencing range, shall be **$218,886.68** (*see also* para. 6) The parties agree that this amount consists of the actual and attempted losses covered by the offenses of conviction, as charged in Counts 1, 3, 9, 11, 13, and 17 of the Indictment, in addition to all related conduct directly attributable to and reasonably foreseeable by SCOTT J. CLANCY in furtherance of a scheme to unlawfully use the identities of actual persons in defrauding banks, merchants, vendors, and credit card companies.

8.   **Elements of the Offense.** SCOTT J. CLANCY understands that a violation of the offenses charged requires the Government to prove that:

Identity Theft (Counts 1, 3, 9, and 11)
a. He knowingly used a means of identification, that is the name or the social security number of another person;

b. He used the means of identification without lawful authority;

c. In so doing, he acted with the intent to commit any unlawful activity constituting a violation of Federal law or a felony under State law, and;

d. His use of another person's identification in some way affected commerce between one state and another state.

Access Device Fraud (Count 13)
a. He knowingly used an unauthorized access device (i.e., credit card account) at any time during a one-year period;

b. By using the unauthorized access device, the defendant obtained things of value totaling $1,000 or more during that period;

c. He acted with the intent to defraud; and

d. The defendant's conduct in some way affected commerce between one state and another state.

Bank fraud (Count 17)
a. He knowingly attempted a scheme to obtain moneys from Key Bank by means of false or fraudulent pretenses or representations;

b. Such pretenses or representations had the effect of reasonably influencing the bank to part with moneys or funds;

c. He acted with the intent to defraud; and

d. The bank was insured by the Federal Deposit Insurance Corporation

PLEA AGREEMENT/SCOTT J CLANCY — 4
(Clancy Plea Agreement)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

9. <u>Statement of Facts</u>. SCOTT J. CLANCY stipulates and agrees to the following facts, which support a factual basis for this guilty plea.

<u>Count 1 (Identity Theft)</u>:

a. On August 10, 1998, CLANCY fraudulently opened a First USA Visa credit card, account number 4246 3112 0209 9427, under the business name of "Stampola Rubber Stamps" in Seattle, Washington. On the application form, the defendant named Edward J Noonan as the "authorizing officer" and himself as the "partner," and he wrote the signature of "Ed J. Noonan MD."

b. Edward J. Noonan is an actual person, and he was not an employee of Stampola Rubber Stamps. Mr. Noonan never authorized CLANCY to open this account, to use his name, or to forge his signature on the application form.

c From August 1998 through June 1999, CLANCY used this credit card account to make purchases, totaling approximately $54,690.82, for goods and services located in Washington, Texas, Colorado, Massachusetts, Virginia, New Mexico, and Italy. He never made valid payments on the account.

<u>Count 3 (Identity Theft)</u>.

a On April 27, 1999, CLANCY fraudulently opened a Pitney Bowes Bank Visa credit card, account number 4336 9400 0174 5128, under the business name of STAMPOLA in Seattle. On the application form, CLANCY named Paul Horne as the financial guarantor for the account. Paul Horne is an actual person. Mr Horne never authorized CLANCY to open this account or to use his name. Mr. Horne never agreed to guarantee this account.

b. From May 1999 through July 1999, CLANCY used this credit card account to make purchases, totaling approximately $40,168.00, for goods and services located in Washington, California, Colorado, Washington D.C , Virginia, Illinois, Mississippi, and Arizona. CLANCY never made valid payments on the account

<u>Count 9 (Identity Theft)</u>:

a. On November 17, 1999, CLANCY fraudulently opened a Providian Financial-Aria Visa credit card, account number 4031 1724 0046 9435, in the name and Social Security Number of David Kosenski. The defendant provided his Seattle address and email address of stampola@aa.net. Providian Financial-Aria is located in California and its credit card charges are processed in New Hampshire.

b Mr. Kosenski is an actual person, and he never authorized CLANCY to open this account or to use his name or Social Security Number in this regard.

c. From November 1999 through December 1999, CLANCY used this account to make purchases, totaling approximately $7,243 86, for goods and services located in Washington CLANCY never made valid payments on the account.

<u>Count 11 (Identity Theft)</u>:

a. On January 24, 2000, CLANCY fraudulently opened a Providian Financial-Aria Visa credit card, account number 4185 6110 0013 3184, in the name and Social

PLEA AGREEMENT/SCOTT J CLANCY — 5
(Clancy Plea Agreement)
CR02-0046L

Security Number of Max Anderson. Mr. Anderson is an actual person, and he never authorized CLANCY to open this account or to use his name or Social Security Number.

    b. From February through June, 2000, CLANCY used this credit card account to make purchases, totaling $13,881.21, for goods and services located in Oregon, Washington, Virginia, and California. He never made valid payments on the account.

Count 13 (Access Device Fraud):

    a. On September 20, 2000, CLANCY fraudulently used a Bank of America Visa account, number 4888 6032 2109 2471. This was a valid account belonging to Dale Kremer, an actual person who never authorized CLANCY to use his account or his name.

    b. On that date, CLANCY telephoned American Bullion and Coin in Flagstaff, Arizona, and ordered two 1907 coins in the amount of $2,714.05. CLANCY gave the name of "Kremmer and Bollinger Associates" and used Mr. Kremer's Visa account number to purchase the coins. The coins were then shipped to CLANCY'S address in Seattle, Washington.

Count 17 (Bank Fraud):

    a. At all times, Key Bank was federally insured by the Federal Deposit Insurance Corporation. From December 2000, through March 19, 2001, within the Western District of Washington and elsewhere, SCOTT J. CLANCY, intended to defraud Key Bank and he knowingly attempted to obtain moneys from the bank by using counterfeit checks.

    b. CLANCY used a computer system to create four counterfeit checks with the account name and number of the North Hill Bakery, account number 4725 5100 3735, an actual account at Key Bank in Seattle. CLANCY once had worked for the North Hill Bakery, but left its employ around the time of this scheme to defraud. CLANCY made the counterfeit checks payable to him or to John Sandor, an acquaintance. Neither CLANCY nor Mr. Sandor was entitled to receive the amount shown on the checks. The owner of the North Hill Bakery never authorized the creation or the use of the account.

    c. On or about March 19, 2001, CLANCY deposited one of the counterfeit checks – in the amount of $5,500 – into his and Mr. Sandors' joint account at Dollar Bank in Pittsburg, Pennsylvania. The funds became available for CLANCY'S use and disposition. Dollar Bank processed the check and then presented it to Key Bank in Seattle for reimbursement.

10.    Good Behavior. The defendant agrees to obey all local, state, and federal laws between the time of pleading guilty and the time of sentencing, and to serve any sentence imposed by the Court.

11.    Acceptance of Responsibility. The United States agrees that if the defendant's total offense level before any adjustment for acceptance of responsibility pursuant to U.S.S.G. §3E1.1 is 16 or greater, and if defendant in the opinion of the Court is entitled to an adjustment

PLEA AGREEMENT/SCOTT J. CLANCY — 6
(Clancy Plea Agreement)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 for acceptance of responsibility pursuant to this section, the United States will recommend that he receive an adjustment for "super acceptance," i.e., an additional one level downward adjustment in the total offense level as contemplated by U.S.S.G. § 3E1.1(b)(2), because the defendant timely entered a guilty plea by May 23, 2002.

12    **Dismissal of Charges and Agreement Not to Prosecute Other Charges.** Pursuant to this Plea Agreement, and conditioned upon the defendant's fulfillment of all of its conditions, the United States agrees: (1) to dismiss Counts 2, 4, 5, 6, 7, 8, 10, 12, 14, 15, and 16 at the time of sentencing, and (2) to not charge the defendant with any other criminal offenses about which the United States currently possesses evidence and for which there is venue in the Western District of Washington.

13.   **Breach and Waiver** SCOTT J CLANCY understands and agrees that if he breaches the Plea Agreement, he may be prosecuted and sentenced for all of the offenses he may have committed, including any offenses for which he previously has not been charged or prosecuted  The defendant agrees that, if he breaches this Plea Agreement, the United States Attorney reserves the right to take whatever/ steps are necessary to nullify this agreement, including the filing of a motion to withdraw from the Plea Agreement and/or a motion to set aside the conviction and sentence. If this Plea Agreement is breached, the United States retains the right to present to a jury all of the criminal violations established by the evidence.

14.   **Voluntariness of Plea** SCOTT J CLANCY acknowledges he has entered this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this document, were made to induce him to enter this plea of guilty.

////
////
////
////
////
////

PLEA AGREEMENT/SCOTT J CLANCY — 7
(Clancy Plea Agreement)
CR02-0046L

15  **Completeness of Agreement.**  The United States and the defendant acknowledge that these terms constitute the entire plea agreement between the parties

DATED this  23  day of May, 2002.

*/s/ Scott J. Clancy*
SCOTT J. CLANCY
Defendant

*/s/ Carol Koller*
CAROL KOLLER
Attorney for Defendant

*/s/ Janet Freeman*
JANET FREEMAN
Assistant United States Attorney

PLEA AGREEMENT/SCOTT J CLANCY — 8
(Clancy Plea Agreement)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970