CERTIFICATE OF SERVICE
I certify that a copy of the foregoing document to which this certificate is attached, was mailed to the attorney(s) of record of the defendant(s) on the 12 day of Sept., 2002
United States Attorney
By: Colleen Bernui

CC: TO JUDGE   PM

Judge Robert S Lasnik

FILED
LODGED          ENTERED
                RECEIVED
SEP 12 2002      PM
AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CR 02-00046 #00000023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR02-0046L |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCE MEMORANDUM AND RECOMMENDATION |
| SCOTT J. CLANCY, | |
| Defendant. | |

COMES NOW the United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Janet Freeman, Assistant United States Attorney for said District, and submits the Government's Sentence Recommendation in the above-captioned matter.

**A.   OFFENSE LEVEL COMPUTATION**

The Government concurs with the offense level computation made by the Probation Office (PSR, para. 29-40). Pursuant to the Plea Agreement, the parties stipulated the loss in this case -- for the purpose of computing the applicable sentencing range -- to be **$218,886.68**.

GOVERNMENT'S SENTENCE
RECOMMENDATION\SCOTT J CLANCY - 1
(Clancy Sentence Memo wpd)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 59101-3903
(206) 553-7970

1. **Relevant Conduct – Loss Figures and Restitution Amounts**:

The Government adopts the Victim Loss/Restitution figures presented in the attachments to the Presentence Report. However, some downward modification to restitution is warranted, due to the fact the Government has verified that some victims did not suffer actual losses. For example, in some cases the bank was able to "freeze" the fraudulent proceeds of counterfeit checks before funds actually "walked" out the door. Accordingly, the fraud loss incurred by each victim is itemized as follows, along with an accounting of restitution owed to each person:

|  | Fraud-Related Losses | Outstanding Restitution |
|---|---|---|
| Losses related to Counts 1 through 13 | $175,575.41 | 175,576.36 |
| Losses related to Counts 14 through 17 | 20,748.96 | -0- |
| Metropolitan Federal Savings (Bad checks) | 8,878.82[1] | -0- |
| Discover Bank (re: John Sandor credit card) |  | 982.82 |
| Ruth Geren Visa | 567.44 | -0- |
| Magnolia Garden Center | 109.26 | 109.26 |
| Bargreen-Ellingson | 180.04 | 180.04 |
| Ballard Bookcase Co. (SPD #00-425490) | 453.94 | 453.94 |
| Garden of Distinction (SPD #00-378234) | 449.34 | 449.34 |
| Max Anderson – bad check | 157.02 | 157.02 |
| James and Helen Turner (SPD #00-003701) Check-Masters | 1,775.00 | 1,775.00 |
| U.S. Bank | 270.17 | 270.17 |
| William Norwind Visa (US Capitol Police) | 3,371.95 | 39.00 |
| Patrick Prisco AMEX (US Capitol Police) | 6,349.33 | 6,349.33 |
| **TOTAL** | **$218,886.68** | **$186,342.28** |

---

[1] The defendant wrote several bad checks on a closed account at Metropolitan Federal Savings Bank (now known as Washington Federal Savings). The bank confirms it did not incur a loss in respect of these checks, in that the bank did not process them once it was determined the account had been closed. Instead, the bank rerouted these checks to the merchants and vendors who originally accepted them at the point of sale. Consequently, the merchant-vendors suffered the actual loss of funds, products, or services in each case. Due to the volume of bad checks, it was determined not to be an efficient use of law enforcement resources to track down every merchant and verify the actual amount of outstanding restitution. For this reason, restitution appears as $0.00 for this line item.

GOVERNMENT'S SENTENCE
RECOMMENDATION\SCOTT J CLANCY - 2
(Clancy Sentence Memo wpd)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 59101-3903
(206) 553-7970

It bears mentioning the defendant sent several bad checks to the victim-credit card companies, purportedly to create the appearance he was bringing current his past due accounts and to convince the companies to keep open his lines of credit. Over a five month period (March through July 1999), he sent 15 checks, totaling $130,192.00, to First USA, Capitol One, American Express, and Pitney Bowes Bank. The check amounts ranged from $5,000 to $20,000 per check. The defendant wrote these checks on a business account *after* it had been closed. The bank did not honor these checks and returned them to the credit card companies as unpayable. The credit card balances remain outstanding to date.

The dollar amount representing these bad checks was not included in the computation of harm, under U.S.S.G. Section 2F1.1, as it may have constituted a possible double-counting. Because the defendant's criminal history and fraudulent pattern have involved the use of bad checks, closed account checks, forged checks, and counterfeit checks, this conduct demonstrates yet another mode of fraudulent behavior. Not only did the defendant defraud the credit card companies in the first instance, but he intended to further his fraud and keep open his lines of credit by submitting checks exceeding $130,000, when he knew his bank account had been closed for some time.

The Government respectfully requests a finding of fraud loss in the amount of **$218,886.68**, and a finding of restitution in the amount of **$186,342.28**.

2.   **Specific Offense Characteristics**:

The Government concurs with the Probation Office's upward adjustment by two levels, pursuant to Section 2F1.1(b)(2), U.S.S.G., for more than minimal planning.

The Government further supports the Probation Office's upward adjustment by another two levels, pursuant to Section 2F1.1(b)(5)(C)(i), because the offense involved the unauthorized transfer or use of any means of identification to produce or obtain any other means of identification (i.e., credit card accounts).

GOVERNMENT'S SENTENCE
RECOMMENDATION\SCOTT J CLANCY - 3
(Clancy Sentence Memo wpd)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 59101-3903
(206) 553-7970

3.  **Adjusted Offense Level and Total Offense Level**:

The Adjusted Offense Level is **19**. After adjusting downward by three levels for acceptance of responsibility, the Total Offense Level is **16**.

B.  **CRIMINAL HISTORY SCORE**

The Government concurs with the Criminal History calculations made by the Probation Office. The defendant has a total of five criminal history points, which establish a Criminal History category of **III**.

C.  **SENTENCING RANGE**

The applicable sentencing range is **27-33** months.

D.  **SENTENCING RECOMMENDATION**

The Government recommends a term of incarceration of <u>thirty-two (32) months and seven (7) days</u>. The high end of the range is appropriate in light of the defendant's prior criminal history, the extent and nature of his fraud, and the number of stolen identities he used to perpetrate his deceptive behavior. Ordinarily, the Government would have recommended the highest point of the range, i.e., 33 months. Here, however, the defendant spent three weeks in King County Jail after making his initial appearance in this district on the instant case. His stint in county jail followed the issuance of a bench warrant in connection with another Seattle-area fraud involving CheckMasters and U.S. Bank. That fraud occurred in 2000. (PSR, para. 62.)

Ultimately, the King County Prosecuting Attorney agreed to dismiss that case if the loss amounts were included as restitution in the federal case. This we agreed to do, and we incorporated such loss amounts into our computations.

By statute, it appears the defendant is not entitled to credit for time served during the three weeks. In the interest of fairness, however, the Government does not oppose a reduction in the sentence to account for the amount of time the defendant spent in county jail.

The Government also recommends a <u>five-year term</u> of supervised release, upon the defendant's release from imprisonment, subject to the standard conditions as well as the thirteen special conditions of supervision listed in the attachments to the Presentence Report.

GOVERNMENT'S SENTENCE
RECOMMENDATION\SCOTT J CLANCY - 4
(Clancy Sentence Memo wpd)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 59101-3903
(206) 553-7970

1     The Government recommends the payment of restitution in the amount of **$186,342.28**,
2 and we suggest the Court waive interest on restitution.
3     We do not recommend the imposition of a fine. However, the $600.00 special assessment
4 should be paid immediately into the Crime Victims Fund.
5     Dated this 12th day of September, 2002.

Respectfully submitted,

JOHN McKAY
United States Attorney

*/s/ Janet Freeman*

JANET FREEMAN
Assistant United States Attorney

GOVERNMENT'S SENTENCE
RECOMMENDATION\SCOTT J CLANCY - 5
(Clancy Sentence Memo wpd)
CR02-0046L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 59101-3903
(206) 553-7970