# UNITED STATES DISTRICT COURT
## Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: CR02-00046L-01 |
| SCOTT JAMES CLANCY | Carol A. Koller |
| | Defendant's Attorney |

ENTERED
SEP 18 2002

THE DEFENDANT:

__XX__ pleaded guilty on May 23, 2002 to count(s) 1, 3, 9, 11, 13 and 17 of the indictment dated February 21, 2002
____ pleaded nolo contendere to count(s) _____ which was accepted by the court.
____ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1028(a)(7) | Fraudulent Use of a Persons' Identification | August 10, 1998 | 1 |
| | | April 27, 1999 | 3 |
| | | November 17, 1999 | 9 |
| | | January 24, 2000 | 11 |
| 18 U.S.C. § 1029(a)(2) | Access Device Fraud | October 23, 2000 | 13 |
| 18 U.S.C. § 1344 | Bank Fraud | March 19, 2001 | 17 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____ The defendant has been found not guilty on count(s) _____

__XX__ Count(s) 2, 4, 5, 6, 7, 8, 10, 12, 14, 15, 16 _____ (are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 07/12/1963

Defendant's USM No.: 15025-086

Defendant's Legal Address:

1212 North Allen Place

Seattle, WA  98103

Defendant's Mailing Address:

1212 N[...]

Seattle[...]

CR 02 00046 /00000028

JANET FREEMAN
Assistant United States Attorney

September 18, 2002
Date of Imposition of Sentence

/s/ Signature of Judicial Officer

THE HONORABLE ROBERT L. LASNIK
United States Magistrate Judge
Name & Title of Judicial Officer

September 18, 2002
Date

Defendant:   SCOTT JAMES CLANCY
Case Number: CR02-00046L

Judgment--Page __2__ of __9__

# IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _thirty-two (32) months and seven (7) days_.

X X    The court makes the following recommendations to the Bureau of Prisons:

_That defendant be permitted to serve his sentence at Sheridan, Oregon._

____ The defendant is remanded to the custody of the United States marshal.

____ The defendant shall surrender to the United States marshal for this district:

     ____ at ____ a.m./p.m. on _____.

     ____ as notified by the United States marshal.

XX    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ____ before 2 p.m. on _____.

     ____ as notified by the United States Marshal.

     XX as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy U.S. Marshal

Defendant: SCOTT JAMES CLANCY
Case Number: CR02-00046L

Judgment--Page 3 of 9

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**

The defendant shall report to the probation office in the district to which the defendant is released within ten (10) days of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

  [X] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

  [X] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable.)

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the following additional conditions: (or on the attached page)

## SEE ATTACHED CONDITIONS OF SUPERVISION

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: SCOTT JAMES CLANCY
Case Number: CR02-00046L

Judgment--Page 4 of 9

# ADDITIONAL CONDITIONS OF SUPERVISION

1. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. The defendant shall submit to a search of his person, residence, office, property, storage unit, or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

3. The defendant shall participate as directed in a mental health program approved by the United States Probation Office.

4. Restitution in the amount of $186,342.28 is due immediately. Any unpaid amount is to be paid during the period of supervision as directed by defendant's U.S. Probation Officer. Interest on restitution shall be waived.

5. The defendant shall provide his probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's federal income tax returns.

6. The defendant shall maintain a single checking account in defendant's name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

7. If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation office.

8. The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

9. The defendant shall allow a probation officer to inspect any personal computer owned or operated by defendant.

10. The defendant shall notify his probation officer of all computer software owned or operated by defendant at the commencement of supervision, and report any additional software purchase, acquisition, or use during the course of supervision.

11. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of defendant's U.S. Probation Officer.

12. The defendant will not accept or begin employment without prior approval by the U.S. Probation Officer and employment shall be subject to continuous review and verification by the U.S. Probation Office. The defendant shall not work for cash and defendant's employment shall provide regular pay stubs with the appropriate deductions for taxes.

13. Defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than defendant's true legal name, ~~without the prior written approval of defendant's Probation Officer.~~

14. The defendant shall be placed on the Probation Office's mental health case load. The probation office shall prepare quarterly reports for the Court. The Court may conduct quarterly hearings for the purpose to review the defendant's employment and residential status, and his mental health progress.

Defendant: SCOTT JAMES CLANCY
Case Number: CR02-00046L

Judgment--Page 5 of 9

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $600.00 | $ | $186,342.28 |

__XX__ If applicable, restitution amount ordered pursuant to plea agreement .................... $ 218,886.68

## FINE

__XX__ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

## RESTITUTION

____ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

__XX__ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| SEE ATTACHED PAGES 7 - 9 | $ | $ | |
| **Totals:** | **$ 218,886.68** | **$ 186,342.28** | |

## INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).
__XX__ The court has determined that the defendant does not have the ability to pay interest on any fine and/or restitution, and it is ordered that:
__XX__ The interest requirement is waived.
____ The interest requirement is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:    SCOTT JAMES CLANCY
Case Number:  CR02-00046L

Judgment--Page __6__ of __9__

# SCHEDULE OF PAYMENTS

    Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

    Payment of the total fine and other criminal monetary penalties shall be due as follows:

A __XX__    in full immediately; or

B _____    $ _____ immediately, balance due (in accordance with C, D, or E); or

C _____    not later than _____; or

D _____    in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E _____    in _____ *(e.g., equal, weekly, monthly, quarterly)* installments of $ _____ over a period of ____ year(s) to commence ____ day(s) after the date of this judgment.

    The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

__XX__    MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO:

United States District Court Clerk, Western District of Washington. For restitution payments, the Court is to forward money received to **see pages 7 - 9** (name of party[ies] receiving restitution). See address on pages 7-9 of this judgment.

_____    The defendant shall pay the cost of prosecution.

_____    The defendant shall forfeit the defendant's interest in the following property to the United States:

    Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245B (Rev. 8/96) Sheet 7 - Probation    (USAO 06/99)

Defendant: SCOTT JAMES CLANCY  
Case Number: CR02-00046L

Judgment--Page 7 of 9

| VICTIM/PAYEE | ACCOUNT NUMBER<br>NAME ON ACCOUNT | RESTITUTION AMOUNT | % |
|---|---|---|---|
| First USA VISA<br>National Fraud & Forgery Department<br>Attn: Debby Kelly<br>P.O. Box 711039<br>Columbus, OH 43271-1039 | 4246 3112 0209 9427<br><br>Edward Noonan | $54,690.82 | 28% |
| US Bank (Pitney Bowes)<br>Bank Card Fraud Operation<br>P. O. Box 2097<br>Denver, Co 80201<br>ATTN: Bob Ryan | 4336 9400 0174 5128<br><br>Paul Horne | $40,168.00 | 21% |
| American Express<br>525 Market Street Suite 385<br>San Francisco, CA 94105 | 3722 6791 7422 011<br><br>Paul Horne | $23,008.32 | 12% |
| Capitol One VISA<br>ATTN Ley Gaulding<br>P.O. Box 85582<br>Richmond, VA 23229 | 4791 2415 6451 1876<br><br>Paul Horne | $33,869.15 | 18% |
| Providian Financial-Aria VISA<br>Fraud Investigations<br>P.O. Box 5249<br>Pleasanton, CA 94566 | 4031 0172 4 0046 9435<br><br>David Kosenski | $7,243.86 | 3% |
| Providian Financial-Aria VISA<br>Fraud Investigations<br>P.O. Box 5249<br>Pleasanton, CA 94566 | 4185 6110 0013 3184<br><br>Max Anderson | $13,881.21 | 7% |

AO 245B (Rev. 8/96) Sheet 7 - Probation    (USAO 06/99)

Defendant:   SCOTT JAMES CLANCY  
Case Number: CR02-00046L

Judgment--Page 8 of 9

| VICTIM/PAYEE | ACCOUNT NUMBER<br>NAME ON ACCOUNT | RESTITUTION AMOUNT | % |
|---|---|---|---|
| Bank Of America<br>Credit Card Services<br>1825 East Buckeye Road<br>Phoenix, AZ 85034 | 4888 6032 2109 2471<br><br>Dale Kremer | See American Bullion & Coin | |
| American Bullion and Coin<br>ATTN: Joan Zimmerman<br>2710 N Steves Blvd<br>Flagstaff, AZ 9817 | | $2,715.00 | 1% |
| American Express<br>American Express Security<br>6712 Washington Avenue<br>Suite 210<br>Egg Harbor Township,<br>NJ 008234 | 3723 7383 9051 001<br><br>Patrick Prisco | $6,349.33 | 1% |
| Discover Card<br>Discover Bank<br>ATTN: Security/Restitution<br>P.O. Box 15183<br>Wilmington, DE 19885 | 6022 0039 1850 5353<br><br>John Sandor | $982.82 | 1% |
| Congressional Federal Credit Union<br>Attn: Cheryl Rosser<br>P.O. Box 23267<br>Washington, DC 20026-3267 | 4094 27460 0084 081<br><br>William Nordwind | $39.00 | 1% |
| Magnolia Garden Center<br>3213 W Smith<br>Seattle, WA 98119 | check | $109.26 | 1% |
| Bargreen-Ellingson<br>1275 Mercer<br>Seattle, WA 98109 | check | $180.04 | 1% |


AO 245B (Rev. 8/96) Sheet 7 - Probation   (USAO 06/99)

Defendant: SCOTT JAMES CLANCY
Case Number: CR02-00046L

Judgment--Page 9 of 9

| VICTIM/PAYEE | ACCOUNT NUMBER<br>NAME ON ACCOUNT | RESTITUTION AMOUNT | % |
|---|---|---|---|
| Ballard Bookcase Co<br>5323 Ballard NW<br>Seattle, WA 98107 | check | $ 453.94 | 1% |
| Garden of Distinction<br>5819 6th S<br>Seattle, WA 98108 | check | $449.34 | 1% |
| Max Anderson<br>124 14th Avenue<br>Seattle, WA 98112 | | $157.02 | 1% |
| Check Masters<br>19401 40th Avenue W #302<br>Lynnwood, WA 98036 | | $1,775.00 | 1% |
| U.S. Bank<br>Corporate Security Division<br>2800 East Lake Street<br>Minneapolis, MN 55406 | 00153504780054<br>James & Helen Turner | $270.17 | 1% |