JUDGE LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 02-46RSL |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S RESPONSE TO |
| SCOTT CLANCY, | ) | PROBATION OFFICE SENTENCING RECOMMENDATION |
| Defendant. | ) | |

Scott Clancy, by his attorney, Carol Koller, submits this response to the Sentencing Recommendation of the probation office, received by the defense on October 11, 2006.

**I. BACKGROUND**

Scott Clancy has been found to have violated his supervised release by using the credit card of another individual to make three payments and purchases without authorization. The total loss to the credit card holder, an individual with whom Scott Clancy had a brief romantic relationship, was $775. The credit card holder has since been reimbursed for part of the loss, and had an additional position of the loss credited to his card after purchased items were returned. His loss is $245.

Scott Clancy could not admit the violations, because they charged new criminal conduct which potentially could be prosecuted in state court. However, with

DEFENDANT'S RESPONSE TO PROBATION OFFICE
SENTENCING RECOMMENDATION - 1
(Scott Clancy; CR02-46RSL)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

1  Mr. Clancy's agreement, counsel advised the prosecutor that the government's evidence
2  would be uncontested, and that she would conduct cross examination for clarification
3  only.  This is what occurred at the evidentiary hearing in Magistrate Court, at which
4  Mr. Clancy was thus found to have committed the alleged violation.

**II.  Appropriate Disposition**

The sentencing recommendation document submitted to this Court by the probation office omits key facts regarding the circumstances under which Scott Clancy committed the violation.  It is true that Mr. Clancy fell back, on a minor scale, into his old pattern of stealing from someone with whom he had formed a romantic relationship.  However, it is important to take into account that this happened during a time when Mr. Clancy was not able to able to take his prescribed psychotropic medication, due to unemployment and an inability to privately pay for his prescription drugs.

Until about six weeks before the violation behavior in May 2006, Mr. Clancy had been employed as a baker for the student cafeteria at Seattle University.  While he was experiencing considerable success in that position, it did not provide him necessary job stability, because the job included regular layoffs during summer and winter school breaks.  Ergo, in March of 2006, Mr. Clancy began to look for summer work in anticipation of a scheduled layoff in mid-May of 2006, or, in the alternative, a permanent job which would keep him employed year round.  He was unable to find temporary summer work, but received a job offer in early April 2006, for what he understood to be a baking position at Little Ray's Bakery in the Southpark section of Seattle.  However, when Mr. Clancy began the job, he learned that it was a warehouse rather than a baking position.  He did not have the physical stamina or organizational ability to handle the job, and so was forced to resign after about two weeks.  His benefits had not yet begun at Little Ray's, so when his medications ran out in mid-April, he was unable to afford the $350 for his lithium, anti-anxiety drug, and antidepressant.

DEFENDANT'S RESPONSE TO PROBATION OFFICE
SENTENCING RECOMMENDATION - 2
(Scott Clancy; CR02-46RSL)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

1  Mr. Clancy continued to look for work, and ultimately found his current job, as a
2 baker for Belle Epicurean,[1] toward the end of May 2006.  His medical benefits from
3 Belle Epicurean began on July 1, 2006, and Mr. Clancy is now restabilized on his
4 medication.

5  Mr. Clancy readily acknowledges that he suffers a serious problem with impulse
6 control.  He feels that his medications, especially the lithium provide him with the ability
7 to stop and think before making what he describes as "stupid decisions" out of financial
8 desperation.  Significantly, the violation behavior here occurred at a time when
9 Mr. Clancy was unable to take his required medications.  One of those medications,
10 lithium, is prescribed only for bipolar disorder, a major mental illness which has, as one
11 of its hallmarks, a lack of impulse control.  Given that Mr. Clancy has been prescribed
12 lithium, and that he feels that this, in combination with anti-anxiety and antidepressant
13 medication does improve his ability to think before he acts, it is fair to assume that he
14 suffers from more serious mental health problems than even those described in the
15 probation department's report.

16  As the sentencing recommendation of the probation department does
17 acknowledge, Mr. Clancy functions poorly under stressful situations.  Compliance with
18 supervision, and continued law-abiding behavior is best achieved when Mr. Clancy is
19 employed, medicated, has stable housing and is participating in regular therapy.  He was
20 unemployed, unmedicated, and facing issues about losing his therapy at the time the
21 violation occurred

22  In regard to the counseling situation, Mr. Clancy undertook counseling with
23 Michael Raitt believing he had mental health coverage under his medical insurance
24 policy from Seattle University.  He had chosen an expensive plan because it purported to

---

[1] Belle Epicurean has a retail outlet in the Olympic Fairmont Hotel, and also sells baked goods at outdoor farmer's markets in the Seattle area during the summer.

DEFENDANT'S RESPONSE TO PROBATION OFFICE
SENTENCING RECOMMENDATION - 3
(Scott Clancy; CR02-46RSL)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

cover mental health treatment. Only after many sessions, did he learn that his insurance did not cover Mr. Raitt, who was not within the network of covered providers. Mr. Clancy was thus faced with a struggle to pay for an arrearage to Mr Raitt he did not realize he was accumulating[2]. As a result of the financial issue, he has been terminated from therapy by Mr. Raitt. He has gone through the intake procedure in order to begin regular therapy at Seattle Counseling Service, where he has been a client in the past. Seattle Counseling Service will charge him an affordable, sliding scale rate, based upon his income.

While Mr. Clancy's reversion to prior anti-social behavior is indeed disturbing, it is also understandable. In a perfect world, his probation officer would have been cognizant of the medication and counseling issues, and had the ability to tap into resources to keep Mr. Clancy on both medication and in counseling. Obviously, supervision by a busy probation officer who is not able to access emergency financing for indigent probationers in need of mental health counseling and drugs is not a perfect situation. However, failures of the supervisory and mental health systems should not necessarily result in incarceration of the individual whose service network failed.

Moreover, it is significant that while Mr. Clancy did revert to his previous, disturbing pattern of theft, his lapse was brief and on a small scale. As this Court is aware, undersigned counsel has represented Mr. Clancy for many years, and feels very well acquainted with him. This "relapse" was different than those seen in the past where Mr. Clancy would spin into an abyss of dishonesty and denial. This time, he quickly realized he was headed in the wrong direction and was able to reach out to supportive friends to provide him with the external control when his own impulse

---

[2] It is somewhat disturbing that this counselor, whose credentials are unknown, but clearly less than a Ph.D., was charging Mr. Clancy $100 per hour for his services, and spending up to 1/3 of each of these sessions discussing payment issues.

DEFENDANT'S RESPONSE TO PROBATION OFFICE
SENTENCING RECOMMENDATION - 4
(Scott Clancy; CR02-46RSL)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

1  control was lacking due to an absence of needed medications.  The behavior stopped

2  quickly, and Scott Clancy made all the right decisions about making right the wrong,

3  picking himself up, getting another job, getting back on his medications, and resuming a

4  law abiding life.  He has been leading a successful and law abiding life for the ensuing

5  five months leading up to this disposition hearing.

6       Incarceration would result in Mr. Clancy losing a job at which he is succeeding,

7  at the time of the year when his employer will be forced to replace him immediately, due

8  to increased business over the upcoming holiday season.  Were intermittent confinement

9  available, undersigned counsel would recommend a sanction of weekends of

10 incarceration.  However, experience in other cases has revealed that, notwithstanding

11 statutory provision for intermittent confinement, the Bureau of Prisons has effectively

12 overruled the statute by refusing to accept inmates for service of sentences on weekends

13 or any other intermittent basis.

14      A term in a halfway house is a severe sanction, since it will result in Mr. Clancy

15 losing his apartment as well as significant freedoms.  The defense urges this Court to

16 limit its sanction to a halfway house term, in order to enable Mr. Clancy to retain his

17 employment, his medical benefits, and to continue in counseling.

18      DATED this 10th day of October 2006.

19

20                              Respectfully submitted,

21                              s/Carol Koller
                             WSBA No. 19685

22                              Attorney for Scott Clancy
                             Federal Public Defender

23                              1601 Fifth Avenue, Suite 700
                             Seattle WA 98101

24                              206/553-1100 voice
                             206/553-0120 facsimile

25                              carol_koller@fd.org

26

DEFENDANT'S RESPONSE TO PROBATION OFFICE           **FEDERAL PUBLIC DEFENDER**
SENTENCING RECOMMENDATION - 5                              1601 Fifth Avenue, Suite 700
(Scott Clancy; CR02-46RSL)                                    Seattle, Washington  98101
                                                                              (206) 553-1100

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Janet Freeman
> Assistant United States Attorney
> 700 Stewart St., Suite 5220
> Seattle, WA  98101-1271

and I hereby certify that I have emailed the document to the following non CM/ECF participants:

> Michael S. Larsen
> United States Probation Office
> 700 Stewart St., Ste. 11101
> Seattle, WA  98101

> s/Carol Koller
> WSBA No. 19685
> Attorney for Scott Clancy
> Federal Public Defender
> 1601 Fifth Avenue, Suite 700
> Seattle WA 98101
> 206/553-1100 voice
> 206/553-0120 facsimile
> carol_koller@fd.org

DEFENDANT'S RESPONSE TO PROBATION OFFICE
SENTENCING RECOMMENDATION - 6
(Scott Clancy; CR02-46RSL)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100